[No. 6172.]

# THE PEOPLE EX REL. J. C. MURPHY *v.* SHIPPEE, MCKEE & CO.

ASSESSMENT OF MIGRATORY STOCK—DEMAND FOR STATEMENT AS TO REMOVAL. Under the Act of March 16th, 1874, "to regulate the assessment of migratory stock," the Assessor must, when he makes the assessment, demand a statement from the owner of migratory stock as to whether the stock will be removed from the county during the year; and unless such demand be made, the duty of making the statement is not imposed upon the owner, whether at the time of making the assessment he shall have decided to remove the stock, or shall subsequently decide to do so.—[REPORTER.]

APPEAL from the District Court of the Sixteenth Judicial District, Mono County.

The action was brought upon the information of J. C. Murphy to recover a penalty of five hundred dollars, under the Act of March 1874, (Stats. 1873-4, p. 376) for removing five thousand head of sheep into Mono County, in June, 1876, after they had been assessed to the defendants in Fresno County—the de

fendants having made no statement to the Assessor of their intention to remove the sheep, or of the fact that they had been removed into Mono County. The Court found that the Assessor did not demand the statement at the time of making the assessment. Judgment was rendered for the plaintiffs, and the defendants appealed.

*J. H. Budd & Sons*, for Appellants.

*T. W. W. Davies* and *Geo. N. Whitman*, for Respondents.

By the COURT:

The first section of the act under which the present action—in the nature of a *qui tam* action—was brought, reads as follows: "Whenever the Assessor assesses any live-stock, he must demand of the person who gives him a list thereof a statement under oath showing: First—whether such stock, or any part thereof, will, during the year for which such assessment is being made, be moved to another county for pasturage, and if such removal is to be made; second—the county to which such stock will be taken; and third—the number, kind, and value thereof; *provided*, that should such person, at the time of assessment, not have determined to remove such stock, and afterwards should make such removal, it shall be lawful for him to make the statement to the Assessor of the county from which such stock was removed, as in this section provided, through the United States mail." (Stats. 1873–4, p. 376.)

The *proviso* is to the effect that if the owner of any live-stock shall determine to remove the same to another county after the assessment is made, he may make to the Assessor, through the United States mail, the statement which he is required to make at the time of the assessment on the demand of the Assessor, if he shall then have determined on such removal. But the circumstance that the owner shall have decided to remove his stock subsequent to the assessment does not relieve the Assessor of the duty of demanding of the owner the statement set forth in the section. Whether the owner has already determined to remove his live-stock when he gives in a

list of it to the Assessor, or shall subsequently determine to remove it, the duty of making the statement is not imposed on him, unless the Assessor demanded the statement when the list was given or assessment made. The Court below found that no demand for the statement was made by the Assessor. Judgment should, therefore, have gone for defendants.

Judgment reversed and cause remanded, with directions to the Court below to enter judgment for defendants. Remittitur forthwith.