## PEOPLE v. GEORGE A. THOMASON.

### No. 6166; December 30, 1879.

**Taxation—Migratory Livestock—Statement to Assessor.—The** act of March 16, 1874, "to regulate the assessment of migratory stock," imposes the duty upon the assessor, when making such assessment, to demand that the owner state if during the year the stock is to be taken out of the county; in default of such demand there is no duty on the owner so to state, regardless of whether he has the removal of them in mind at the time or resolves upon it thereafter.

APPEAL from Sixteenth Judicial District, Mono County.

The facts in this case are similar to those in People v. Shippee, 53 Cal. 675.

Geo. W. Schell for appellant; T. W. W. Davis and G. N. Whitman for respondent.

By the COURT.—The demurrer to the complaint ought to have been sustained. The complaint does not aver that at the time of the assessment, or afterward, the assessor demanded of the defendant the statement required by the first section of the act of March, 1874 (Stats. 1873–74, p. 376). Unless such demand was made, the defendant was not in default, whether he had then determined to remove the sheep to another county or subsequently decided on such removal: People v. Shippee, 53 Cal. 675.

Judgment reversed and cause remanded, with an order to the court below to sustain the demurrer to the complaint. Remittitur forthwith.

Note.—Five other cases—No. 6168, People v. Ramsey; No. 6167, People v. Delaney; No. 6169, People v. Ferry; No. 6164, People v. Dickenson; and No. 6165, People v. McKinney—were decided in the same way upon the authority of the People v. Shippee, 53 Cal. 675.